UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| HOLMER J. JENKINS, | : Case No. 1:23-cv-320 |
| Plaintiff, | : |
| vs. | : Judge Matthew W. McFarland |
| | : Magistrate Judge Karen L. Litkovitz |
| PROSECUTOR STEVEN NORD, *et al.*, | : |
| Defendants. | : |

## ORDER

This matter is before the Court on two filings by Plaintiff Holmer J. Jenkins,[1] a state prisoner who is proceeding *in forma pauperis* and without the assistance of counsel.

Jenkins' Motion for Bond (Doc. 8) is **DENIED**. This Court does not have the authority in this civil rights case to grant Jenkins a bond and release him from a custodial judgment issued by a state court. *See generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (a habeas corpus action is the sole federal remedy for a state prisoner seeking immediate or speedier release from prison).

Jenkins has also submitted a "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody," which was docketed in this case. (*See* Doc. 16). In the Petition, Jenkins challenges the conviction and sentence imposed by a Lawrence County, Ohio court. (Doc. 16, PageID 135).

Claims for habeas corpus relief under 28 U.S.C. § 2254 are different in many ways from civil rights claims raised under 42 U.S.C. § 1983. These two types of claims are subject to

---

[1] In some filings, Plaintiff's first name is spelled "Homer." The Court uses the name as written in the caption of the Complaint. (Doc. 15).

different rules and requirements, and generally must proceed in separate cases. *See Ruza v. Michigan*, No. 1:20-cv-504, 2020 WL 4670556, at *2 (W.D. Mich. Aug. 12, 2020), *aff'd*, No. 20-1841, 2021 WL 3856305 (6th Cir. Apr. 7, 2021) (and the cases cited therein) ("courts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage."). The Undersigned concludes that Jenkins' habeas corpus petition should proceed on its own in a case that is separate from this civil rights case.

Accordingly, the Clerk of Court is **DIRECTED** to open a new case on the Court's docket and file therein Jenkins' habeas corpus Petition. (Doc. 16). The Clerk should note on the docket of this case that the Petition has been transferred to the new case. The Clerk is further **DIRECTED** to send Plaintiff a copy of the Petition bearing the new case number for the habeas corpus case.

The Undersigned expresses no opinion as to whether the Petition has merit or whether Jenkins may proceed further with the habeas corpus action under the statutes and rules that apply to it. The judicial officers to whom the new case is assigned and referred will consider how to proceed with the Petition in the new case. Jenkins is **ADVISED** that he must include the appropriate case number on all future filings.

The next step in this civil rights case is for the Court to screen the Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Screening is required under the Prison Litigation Reform Act because Plaintiff

2

Jenkins is a prisoner who is proceeding *in forma pauperis* and is seeking "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

The Undersigned will conduct the initial screening as soon as practicable. The Court will then enter an order and, if appropriate, direct service of the Complaint and summons on Defendants. The Clerk of Court is **DIRECTED** to hold service until that time. The Court will consider any pending motions after, or along with, the initial screening.

A copy of the Court's order screening the Complaint will be mailed to Plaintiff Jenkins. He is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

Finally, for purposes of clarifying the record, the Application to proceed *in forma pauperis* filed in this case by Gregory C. Cox, Jr. (Doc. 5) is **DENIED** as moot. Cox was dismissed from this case on August 28, 2023. (*See* Doc. 11; *see also* Doc. 17, PageID 155-56). Cox's civil rights claims are proceeding in a separate case, Case No. 1:23-cv-324. Also, the filing herein entitled "Lack of Evidence" (Doc. 9) remains **STRICKEN** from the record because it was not signed. (*See* Doc. 10, PageID 59 (citing Fed. R. Civ. P. 11)).

**IT IS SO ORDERED.**

September 6, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE

3